IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIFFANY BANKS, TAMMY BOSS, HENRY DIXON, AND YOLANDA THOMAS, | ) ) ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiffs, | ) ) | 1:14-cv-1281-AT |
| v. | ) ) | |
| THE HOUSING AUTHORITY OF DEKALB COUNTY and EUGENE WALKER, in his official capacity as Its Executive Director, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR REMAND AND BRIEF IN SUPPORT

COMES NOW, Defendants The Housing Authority of DeKalb County and Eugene Walker, in his official capacity as Its Executive Director and hereby files, through its counsel, this Defendants' Response to Plaintiffs' Motion for Remand and Brief in Support and shows this Court the following:

## I.     FACTS

The Housing Authority of DeKalb County ("HADC") provides housing vouchers/subsidies to low income residents who meet certain federal qualifications and remain qualified through the duration of the program.  Each year residents are

1

required to go through re-certification to assure that they still meet the federal standards to continue to receive housing subsidies. One of the qualifications that residents must meet is that they may not engage in criminal activity.

Through its normal course of re-certification and program compliance, HADC runs periodic criminal background checks of its residents using identifying information such as name, social security number, date of birth and address. In so doing, all four Plaintiffs were flagged and criminal records were identified. None of the residents reported any of this information to HADC prior to HADC conducting its own independent investigation.

Plaintiff Tiffany Banks' ("Banks") background investigation revealed that both of her sons had been arrested. Under the terms of the federal regulation, the HADC Administrative Plan and the voucher, neither Banks nor any household member could engage in criminal activity. Banks was sent a proposed termination notice and she requested an informal hearing. At the hearing, Banks did not deny the criminal activity.

Plaintiff Tammy Boss' ("Boss") background investigation revealed that she had been arrested for drug use in New Orleans. Boss was sent a proposed termination and she also requested a hearing. At the hearing and in writing, Boss claimed that she was not the person arrested on the date set forth in the HADC letter. She was

2

given the opportunity to provide proof that she had not been arrested, however she never did so. Ultimately, it was determined that although it was Boss who was arrested, the date was 30 days after the date set forth in the proposed termination.

Plaintiff Henry Dixon ("Dixon"), (HADC has decided to reinstate his voucher) was arrested for battery and disorderly conduct. Finally, Plaintiff Yolanda Thomas ("Thomas") was arrested for battery in a domestic altercation with her boyfriend. Four years after the incident, and shortly after Thomas received the proposed termination, Thomas filed for a Temporary Protective Order ("TRO") against her ex-boyfriend and claimed Violence Against Women Act as a defense to the criminal allegations.

Criminal activity includes (1) criminal activity regardless of conviction or arrest, (2) violent criminal activity, and (3) criminal activity that threatens the health safety, or right to peaceful enjoyment of other residents or persons residing in the immediate vicinity.  24 C.F.R. 982.552(c), 24 C.F.R. 553(c), 24 C.F.R. 982.551(l).

Under federal regulations, a housing authority can use a criminal record if it is presented to a resident and the resident is given an informal hearing to dispute the accuracy and relevancy of the record.  24 C.F.R. 982.553(d).

On April 4, 2014 Plaintiffs filed a Complaint for injunctive action and obtained an ex-parte order after giving notice at 7:14pm the night before that they were going to file first thing in the morning.  The TRO Order stated that the "Parties should appear on April 21, 2014 at 9:30am for follow up hearing."

On April 21, 2014, Defendants filed an Answer and appeared at the follow up hearing as directed by the Court on April 21, 2014.  On April 29, 2014, Defendants filed a Notice of Removal.

**II Analysis**

### A. Defendants have not taken any substantial offensive or defensive actions in the state action which would demonstrate a clear and unequivocal intent to litigate the cause in state court.

Once a state court defendant has exercised its right to seek removal under 28 U.S.C. § 1446(a), a state court plaintiff may seek to remand within thirty days after the filing of a notice of removal noting a defect with removal.  28 U.S.C. § 1447(c).  Here, the Plaintiffs' are attempting to argue that Defendants litigated on the merits and waived their right to remove the case to federal court.

"A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court...waiver will not occur, however, when the

defendant's participation in the state action has not been substantial or was dictated by the rules of the court." Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (2004).

Defendants have only filed an Answer to the state action and appeared at a court-ordered follow up hearing on a TRO that was obtained ex-parte by counsel for Plaintiffs. Defendants have not served any discovery, and have not filed any motions. In fact, the Notice of Removal was filed only 26 days after the Complaint was filed.

In Heery International, Inc. v. DeKalb County School District, 2011 U.S. Dist. LEXIS 9738 (2011), Civil Action No. 1:10-CV-3835 RWS, the court found that DeKalb County School District "DCSD" took substantial offensive and defensive actions in the state court action by filing eight motions prior to the filing of the Notice of Removal including a motion for leave to add parties, two motions to strike, a consolidated motion to dismiss, two answers, two amended answers, and which were not dictated by the Superior Court or Georgia Civil Procedure Act. In that case the Court found that those steps were "substantial enough to demonstrate a clear and unequivocal intent to litigate the cause in state court."

The facts in this case are more in line with the facts in Yusefzadeh, 365 F.3d 1244 (2004). In that case, Nelson, Mullins Riley & Scarborough, LLP filed a

5

Motion to Dismiss and then filed a Notice of Removal.  Under Florida Rules of Civil Procedure, it required that a Defendant either file an answer or motion in response to the complaint.  The court stated that waiver would not occur when the defendant's participation was dictated by the rules of the court.  Id at 1246. Responding to the Complaint by filing a Motion to Dismiss was dictated by the rules of court.

Similar to this case, Defendants' Answer was dictated by the Georgia Rules of Civil Procedure, O.C.G.A. § 9-11-12(a) which requires Defendant to answer within thirty days of the filing of the complaint and Defendant's appearance at the follow-up hearing was court ordered.  (See Exhibit "A"-April 4, 2014 Order).  Soon after the follow-up hearing, Defendant filed a Notice of Removal.  Outside of what has been required by Georgia law and court ordered, there have been no action in the state court action which would demonstrate a clear and unequivocal intent to litigate the cause in state court.  Plaintiffs attempt to rely on an oral motion to dismiss which was presented by counsel at the TRO hearing on April 21, 2014. However, that was simply restating the prayer for relief set forth in the court ordered Answer.  The Plaintiffs have failed to show that the Defendants have taken any substantial offensive or defensive action.

### B. The Issues in this Case are Clearly Based Upon Federal Statutory Law and Subject Matter Jurisdiction Lies in Federal Court.

Plaintiffs' complaint acknowledges that the program under which this litigation was brought is authorized by Section 8 of the U.S. Housing act of 1937, 42 U.S.C. §1437.  The issues in this case involve the Code of Federal Regulations Title 24 Housing and Urban Development Chapter IX, Part 982 Section 8 Tenant Based Assistance: Housing Voucher Program.  The Plaintiffs have not alleged any state law claims in their Complaint or Amended Complaint.  Clearly the Plaintiffs are simply forum shopping.

## II.    Conclusion

For the foregoing reasons, Defendants hereby request that this Court deny Plaintiffs' motion for remand.

Respectfully submitted this 19th day of June, 2014.

JAMES E. DEARING, JR., P.C.

**/s/ James E. Dearing, Jr.**
James E. Dearing, Jr.
Georgia Bar No. 215090
*Attorney for Defendants*
The Housing Authority of DeKalb County
and Eugene Walker
730 Peachtree Street, N.E., Suite 560
Atlanta, Georgia 30308
Phone:       (404) 870-0010
Facsimile:   (404) 870-0008
jdearing@jed-law.com

The Gibson Law Firm, LLC

**/s/ Catherine Gibson McCauley**
Catherine Gibson McCauley
Georgia Bar No. 141342
*Attorney for Defendants*
The Housing Authority of DeKalb County
and Eugene Walker
1979 Lakeside Parkway #180
Tucker, Georgia 30084
Phone:      (404) 733-6700
Facsimile:   (404) 733-6007
cgibson@thegibsonlawfirm.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document was prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia and that a 14 pt Times New Roman Font was used.

**JAMES E. DEARING, JR., P.C.**

**/s/ James E. Dearing, Jr.**
James E. Dearing, Jr.
Georgia Bar No. 215090
Attorney for Defendant
The Housing Authority of DeKalb County
and Eugene Walker

730 Peachtree Street, N.E., Suite 560
Atlanta, Georgia 30308
Phone:       (404) 870-0010
Facsimile:   (404) 870-0008
jdearing@jed-law.com

**The Gibson Law Firm, LLC**

**/s/ Catherine Gibson McCauley**
Catherine Gibson McCauley
Georgia Bar No. 141342
Attorney for Defendants
The Housing Authority of DeKalb County
and Eugene Walker

1979 Lakeside Parkway #180
Tucker, Georgia 30084
Phone:       (404) 733-6700
Facsimile:   (404) 733-6007
cgibson@thegibsonlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on June 19, 2014, I electronically filed **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR REMAND AND BRIEF IN SUPPORT** with the Clerk of Court using the CM/ECF system which will automatically **send** e-mail notification of such filing the following attorneys of record:  **Deborah Johnson, Esq., Angela J. Riccetti, Esq., E. Ann Guerrant, Esq., and Lindsey M. Siegel, Esq.**

Atlanta Legal Aid Society
246 Sycamore Street, Suite 120
Decatur, Georgia 30030-3434

This the 19th day of June, 2014

Respectfully Submitted:

**JAMES E. DEARING, JR., P.C.**

**/s/ James E. Dearing, Jr.**
James E. Dearing, Jr.
Georgia Bar No. 215090
Attorney for Defendant
The Housing Authority of DeKalb County
and Eugene Walker

730 Peachtree Street, N.E., Suite 560
Atlanta, Georgia 30308
Phone:      (404) 870-0010
Facsimile:  (404) 870-0008
jdearing@jed-law.com

The Gibson Law Firm, LLC

**/s/ Catherine Gibson McCauley**
Catherine Gibson McCauley
Georgia Bar No. 141342
Attorney for Defendants
The Housing Authority of DeKalb County
and Eugene Walker

1979 Lakeside Parkway #180
Tucker, Georgia 30084
Phone:      (404) 733-6700
Facsimile:  (404) 733-6007
cgibson@thegibsonlawfirm.com