IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIFFANY BANKS, TAMMY BOSS, HENRY DIXON, and YOLANDA THOMAS, | : : : : | |
| Plaintiffs, | : : | |
| | : : | CIVIL ACTION NO. 1:14-CV-1281-AT |
| v. | : : | |
| HOUSING AUTHORITY OF DEKALB COUNTY, and EUGENE WALKER, in his official capacity as its Executive Director, | : : : : | |
| | : : | |
| Defendants. | : | |

## ORDER

This case is before the Court on Plaintiffs' Motion to Remand [Doc. 7]. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

## I.    BACKGROUND

Plaintiffs filed this action in the Superior Court of DeKalb County, Georgia on April 3, 2014. (*See* Doc. 1-1 at 3-13, Compl.) Plaintiffs are low-income residents of DeKalb County and are participants in the Housing Choice Voucher Program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f. (Compl. ¶ 1.) Plaintiffs allege that they were wrongfully terminated from the Section 8 Program by Defendant Housing Authority of DeKalb County without a

fair hearing in violation of the Housing Act and both the United States and Georgia Constitutions. (*Id.* ¶ 2.)

Along with their Complaint, Plaintiffs also filed a Motion for Temporary Restraining Order and Interlocutory Injunction on April 3, 2014. (*See* Doc. 1-1 at 34-49, Mot. for TRO.) On April 4, 2014, the Superior Court granted Plaintiffs' Motion for TRO, reinstating Plaintiffs' Section 8 Housing Choice Voucher assistance for a period of 30 days and set the case down for a follow-up hearing on April 21, 2014. (*See* Doc. 1-2, Order.)

On the morning of the scheduled hearing on April 21, 2014, Defendants filed their Verified Answer and Affirmative Defenses. (*See* Doc. 1-3, Answer.) According to Plaintiffs' motion, the April 21 hearing on Plaintiffs' request for an interlocutory injunction was a full day evidentiary hearing. (Johnson Aff. ¶¶ 12-23.) Each of the Plaintiffs testified and were thoroughly cross-examined by Defendants. (*Id.* ¶¶ 16, 19.) Rather than present their own affirmative evidence in opposition to the injunction, Defendants made a motion to dismiss pursuant to O.C.G.A. § 9-11-41, and presented legal argument that Plaintiffs had failed to show that they were entitled to relief. (*Id.* ¶ 21.) At the conclusion of the hearing, the Superior Court denied the Defendants' motion to dismiss and ruled that the terms of the TRO/interlocutory injunction would be continued pending final trial in the action. (*Id.* ¶ 23.) The Superior Court entered a written order on April 25, 2014. (*See* Doc. 7-2, Order.)

Defendants filed their Notice of Removal in this Court on April 29, 2014. (*See* Doc. 1.)   Plaintiffs timely moved to remand this matter back to the Superior Court on May 29, 2014, arguing that Defendants waived their right to remove the case to federal court.

## II.   DISCUSSION

In order to remand an action to state court, a plaintiff must identify a defect in the defendant's removal. "One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004); *see also Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 40 (M.D. Ala. 1996) (stating "the right to remove a case to federal court may be waived by acts taken in the state court, subsequent to the creation of the right to remove, that indicate the defendant has invoked the jurisdiction of the state court").  The Eleventh Circuit noted:

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court ... [w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court ...."

*Yusefzadeh*, 365 F.3d at 1246 (quoting Charles A. Wright, et. al., 14B Federal Practice & Procedure § 3721 (2003)).

Whether the state court defendant has waived his right to remove based on "active participation must be made on a case-by-case basis." *Id.* (citing *Hill v.*

*State Farm Mutual Automobile Ins. Co.*, 72 F.Supp.2d 1353, 1354 (M.D. Fla. 1999)).  Two factors that may guide the court's determination of whether a defendant has waived the right to remove a case to federal court are: "1) whether the actions taken by the Defendants in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and 2) whether the removal can be characterized as an appeal from an adverse judgment of the state court."  *Fain*, 166 F.R.D. at 40-41 (citing *Bolivar Sand Co. v. Allied Equipment, Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986), *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469 (M.D. Fla. 1993), and *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York*, 329 F. Supp. 1175 (D.C. N.Y. 1971)).  In support of the first factor, "actions that may result in a disposition on the merits of the state court action, in whole or in part," are sufficient to evidence the requisite intent to litigate on the merits.  *Bolivar Sand Co.*, 631 F. Supp. at 173.  As to the second factor, courts have found that "if a potentially dispositive motion, such as a motion to dismiss, is made and argued by the defendant, the state court's adverse decision cannot be 'appealed' to [federal] Court by way of removal."  *Fain*, 166 F.R.D. at 42; *Bolivar Sand Co.*, 631 F. Supp. at 173; *see also Heery Intern., Inc. v. DeKalb County School Dist., Ga.*, 1:10-cv-3835-RWS, 2011 WL 336856, *2 (N.D. Ga. Jan. 31, 2011) (noting in remand order that defendant who waited until after the state court expressed its intent to grant plaintiffs' requested relief before seeking removal was "in effect []

4

attempting in [federal] Court to have a second bite at the apple [and] to escape the intended ruling of the Superior Court").

In *Yusefzadeh*, the Eleventh Circuit reversed a district court's *sua sponte* remand, finding that the Defendant's single act of filing a motion to dismiss in state court prior to removal, as required by state law, did not result in a waiver of its right to remove to federal court.[1]  *Id.* at 1246-1247.  The Court reasoned that it could not find that the defendant "took substantial offensive or defensive actions in state court" by filing a responsive brief in state court and then seeking removal to federal court where the defendant "did not schedule a hearing on [its] motions to dismiss prior to seeking removal and the state court had not ruled on [the] motions to dismiss prior to [defendant] removing the case."  *Id.* at 1247.  Under those circumstances, the Eleventh Circuit found that a defendant had not waived its right to remove the action to federal court.  *Id.*

Plaintiffs assert that during the 30 day period following the filing of Plaintiffs' Complaint during which Defendants had to exercise their right of removal under 28 U.S.C. § 1447(c), Defendants took substantial actions in the Superior Court beyond those merely dictated by the rules of that court indicating their intent to litigate the merits in state court.   According to Plaintiffs,

---

[1] The defendant in *Yusefzadeh* had 20 days under Florida law to file its responsive pleadings while having 30 days under § 1446(b) to seek removal.  The *Yusefzadeh* Court was concerned about the quandary faced by a defendant forced to choose between "(1) removing the action and filing the motion to dismiss in federal court within 20 days, (2) filing a motion to dismiss in state court and then immediately seeking removal or (3) requesting an extension to file responsive pleadings in state court prior to removing . . . [being] used to forestall a state court defendant who chooses to pursue the second option from swiftly seeking to remove his case to the federal court." 365 F.3d at 1246.

Defendants' actions in choosing to "test the waters" in the state court forum – and removing only after receiving an adverse decision on their motion to dismiss –warrant remand back to the state court.

As Georgia law provides for a 30 day time period in which to file responsive pleadings in state court, Defendants here did not face the same quandary as the defendant in *Yusefzadeh,* and their reliance on that case is misplaced.  The Court is not persuaded by Defendants' arguments that their participation in the April 21 hearing on the TRO/interlocutory injunction was "court-ordered" and that their oral motion to dismiss was "simply [a] restat[ement] of what was set forth in the court ordered Answer."  (Resp. at 13.)  After the Superior Court granted an *ex parte* TRO effective through May 5, 2014, Defendants could have removed the case at any time prior to the scheduled April 21 hearing.  Instead, Defendants took a gamble, appeared at the hearing, "vigorously cross-examined all of the Plaintiff's witness, but rather than presenting their own witnesses, the Defendants moved for an involuntary dismissal under OCGA § 9-11-41 at the close of Plaintiffs' evidence."  (Doc. 7-2, Order Granting Interlocutory Injunction.)  O.C.G.A. § 9-11-41(b) provides that,

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. The effect of [such a] dismissal[] shall . . .

operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise.

Defendants waited to file their Notice of Removal in this Court until after the Superior Court's entry of its Order denying their motion to dismiss, finding that there "is a substantial likelihood that the Plaintiffs will prevail on the merits in this action," and requiring Defendants to reinstate Plaintiffs' benefits under the Section 8 Housing Choice Voucher program until the final adjudication of the case.   Under these circumstances, the Court finds that Defendants took substantial offensive and defensive actions in the state court action following the filing of Plaintiffs' Complaint, but prior to seeking removal to this Court, sufficient to "demonstrate a clear and unequivocal intent to litigate the cause in state court."  *Cf. Yusefzadeh*, 365 F.3d at 1247; *Heery Intern., Inc.,* 2011 WL 336856, *2 (N.D. Ga. Jan. 31, 2011) (finding that defendant who filed two discretionary motions in state court and waited for the superior court to announce its intent to rule against defendant before filing its notice of removal waived its right of removal).  Accordingly, as Defendants waived their right to remove the action, the Court **GRANTS** Plaintiffs' Motion to Remand [Doc. 7].

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand [Doc. 7] is **GRANTED**. The Clerk shall **REMAND** the case to the Superior Court of DeKalb County, Georgia and is **DIRECTED** to close the case.

7

**IT IS SO ORDERED** this 9th day of July, 2014.


Amy Totenberg
**United States District Judge**